UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER MARKISZ<br><br>        Plaintiff,<br><br> - against -<br><br>NATIONAL ACADEMY OF RECORDING ARTS &<br>SCIENCES, INC.<br><br>        Defendant. | Docket No. 1:20-cv-801<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Christopher Markisz ("Markisz" or "Plaintiff") by and through his undersigned

counsel, as and for his Complaint against Defendant National Academy of Recording Arts &

Sciences, Inc. ("National Academy" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.   This is an action for copyright infringement under Section 501 of the Copyright

Act and for the removal and/or alteration of copyright management information under Section

1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's

unauthorized reproduction and public display of a copyrighted photograph of rapper Snoop Dog,

owned and registered by Markisz, a New York based professional photographer. Accordingly,

Markisz seeks monetary relief under the Copyright Act of the United States, as amended, 17

U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.   This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Markisz is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 433 Oak Manor Drive, Fairfax, California 94930.

6.      Upon information and belief, National Academy is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business 11 West 42nd Street, New York, New York 10036. Upon information and belief National Academy is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, National Academy has owned and operated a Websites at the URL: www.Grammy.com and has operated their Instagram Page at the URL: www.Instagram.com/RecordingAcademy (the "Websites").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      Markisz photographed rapper Snoop Dog (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Markisz placed a " ©Christopher Markisz" watermark on the Photograph . See Exhibit A.

9.      Markisz is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with the United States Copyright Office and was given registration number VA 2-165-220.

**B.      Defendant's Infringing Activities**

11.     National Academy ran the Photograph on an article entitled *Sweetwater Music Hall Continues Its Legacy As A Live Entertainment Venue & Community Meeting Place*. See: https://www.grammy.com/grammys/news/sweetwater-music-hall-continues-its-legacy-live-entertainment-venue-community-meeting and also ran the Photograph on https://www.instagram.com/p/B5widmVJt6S/. Screenshots of the Photograph on the Websites are attached hereto as Exhibit B.

12.     National Academy did not license the Photograph from Plaintiff for its article, nor did National Academy have Plaintiff's permission or consent to publish the Photograph on its Websites.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
(17 U.S.C. §§ 106, 501)**

13.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     National Academy infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Websites. National Academy is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15.     The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.     Upon information and belief, on the Websites, Defendant cropped off Plaintiff's watermark on the Photograph.

22.     Upon information and belief, National Academy intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23.     The conduct of National Academy violates 17 U.S.C. § 1202(b).

24.     Upon information and belief, National Academy's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by National Academy intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. National Academy also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26.     As a result of the wrongful conduct of National Academy as alleged herein, Plaintiff is entitled to recover from National Academy the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by National Academy because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from National Academy statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.     That Defendant National Academy be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2.     The Defendant National Academy be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.     That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. 505;

7.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to

17 U.S.C. § 1203(b);

8.      That Plaintiff be awarded pre-judgment interest; and

9.      Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
          January 29, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz, Esq.
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Christopher Markisz*